IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC.; and VERSATA DEVELOPMENT GROUP, INC., f/k/a TRILOGY DEVELOPMENT GROUP, INC., <br>      Plaintiffs <br><br> v. <br><br> SUN MICROSYSTEMS, INC., <br>      Defendant. | § § § § § § § § § § § § § | CIVIL ACTION NO. 2-06-CV-358 (TJW) |

## ORDER

Before the court is Defendant Sun Microsystems, Inc.'s Motion for Judgement on the Pleadings, Pursuant to Fed. R. Civ. P. 12(c). The Motion is DENIED.

In a patent case, a district court applies the rule of the regional circuit in deciding a motion to dismiss on the pleadings under Rule 12(c). *See Merck & Co. v. Hi-Tech. Pharmacal Co.*, 482 F.3d 1317, 1320 (Fed. Cir. 2007). "In analyzing the complaint, [the court is to] accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Under Fifth Circuit law pertaining to Rule 12(c) motions, "[p]leadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain." *Brittan Comm. Int'l Corp. v. S.W. Bell Tel. Co.,* 313 F.3d 899, 904 (5th Cir. 2002) (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998)). Rule 12(c) typically is applied to issues that are true issues of law such as statutory interpretation, *Brittan*, 313 F.3d at 904-905 (interpretation of the Communications Act), or sovereign immunity, *Voest-Alpine*

*Trading USA Corp.*, 142 F.3d at 891 (whether Bank of China enjoys sovereign immunity).

Sun basis its Motion on the recent Federal Circuit Opinion *In re Bilski*, 545 F.3d 943 (Fed. Cir. 2008). In *Bilski* the Federal Circuit confirmed that the "machine-or-transformation" test determines whether claimed methods, like those at issue here, are eligible for patent protection under 35 U.S.C. § 101. Under this test, a claimed method is not patentable unless it is (1) tied to a particular machine or apparatus, or (2) transforms a particular article into a different state or thing. The claimed methods at issue here fail this test for at least the following reasons. *Id.* at 956.

Sun argues that the claimed methods do not satisfy the "machine" portion of the test because they can be performed entirely within the human mind, or using pencil and paper. Further, Sun argues the claimed methods do not satisfy the "transformation" portion of the test because they do not transform any article into a different state or thing. The court's interpretation of *Bilski* is not so broad as Sun's. In fact, the Circuit

> decline[d] to adopt a broad exclusion over software or any other such category of subject matter beyond the exclusion of claims drawn to fundamental principles . . . [and noted] the process claim at issue in this appeal is not, in any event, a software claim. Thus, the facts here would be largely unhelpful in illuminating the distinctions between those software claims that are patent-eligible and those that are not.

*Id.* at 959 n.23. (internal citations omitted)

Sun has not met its burden to prove there are "no disputed issues of material fact and only questions of law remain." Sun's Motion, therefore, is DENIED.

SIGNED this 31st day of March, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE